IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00507-FDW
(3:10-cr-00087-FDW-8)

| | |
|---|---|
| KATRINA GOULD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion for permission to file a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

I.     BACKGROUND

On October 27, 2010, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a). Petitioner was sentenced to a term of 120-months' imprisonment and her counsel did not file an appeal. In May 2012, Petitioner filed a pro se § 2255 motion to vacate in which she raised claims of ineffective assistance of counsel. In particular, Petitioner argued that she was entitled to relief because her trial counsel failed to file a direct appeal despite her assertion that she instructed him to do so. The Government filed a response to the § 2255 motion conceding that Petitioner stated an actionable claim of ineffective assistance counsel because the sworn evidence presented by Petitioner tended to show that her counsel had failed to file the direct appeal even though she instructed him to do so. The Court agreed and vacated her criminal

1

judgment and entered an amended judgment from which Petitioner filed a direct appeal. (3:12-cv-00321-FDW).

On appeal, Petitioner's counsel filed a brief pursuant <u>Anders v. California</u>, 386 U.S. 738 (1967), but nevertheless raised the issue of whether Petitioner received ineffective assistance of counsel in failing to challenge Petitioner's prior conviction which was used to enhance her sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)-(C).[1] The Court rejected this argument after noting that Petitioner's prior conviction qualified as a "felony drug offense" under 21 U.S.C. § 802(44) because she received a sentence in excess of one year. The Court also granted the Government's motion to dismiss the remaining issues based on Petitioner's waiver provision in her plea agreement, and Petitioner's judgment was affirmed in all respects in an unpublished opinion. See <u>United States v. Gould</u>, 564 F. App'x 696 (4th Cir. 2014).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244

---

[1] Petitioner filed a supplemental pro se brief which raised additional issues; however the Court found that the issues lacked merit.

by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner's initial motion to vacate was granted in part and dismissed without prejudice in part; therefore the present § 2255 motion to vacate is not successive and the Court will therefore consider the merits of her claims.

Petitioner first contends that she is entitled to relief based on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. (3:16-cv-00507, Doc. No. 1 at 1). This argument is without merit as Petitioner was not sentenced pursuant to § 924(e).

Petitioner next contends she is entitled to sentencing relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law. Simmons, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a

3

conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner's counsel raised the substance of this argument on direct appeal by contending that Petitioner's North Carolina drug conviction that was used to enhance her sentence pursuant to 21 U.S.C. § 841(b)(1)(A)-(C) may not qualify as a felony drug offense. As noted, the Court rejected this argument after finding that Petitioner's drug conviction subjected her to more than one year in prison. In fact, the Court observed that Petitioner was sentenced to a term of two years in prison on the drug conviction. Gould, 564 F. App'x at 697-98. See (3:10-cr-00087, Doc. No. 166: Presentence Report ¶ 31). Accordingly, because Petitioner was sentenced to in excess of one year, her argument for relief based on United States v. Simmons is plainly without merit.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time to file her § 2255 motion to vacate is **DISMISSED as moot**. (3:10-cr-00087-FDW-8, Doc. No. 334).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 1, 2016

Frank D. Whitney
Chief United States District Judge